**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4879**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SCOTT WILSON,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:09-cr-00036-RDB-1)

———————

Submitted: October 25, 2011       Decided: November 4, 2011

———————

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sean P. Vitrano, HAZLEHURST VITRANO, LLC, Hunt Valley, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Harry M. Gruber, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Wilson pled guilty to one count of arson, 18 U.S.C. § 844(i) (2006). The district court departed above the Guidelines range and sentenced Wilson as a de facto career offender to a term of 240 months imprisonment. U.S. Sentencing Guidelines Manual §§ 4A1.3(a), 4B1.1 (2009). Wilson appeals his sentence, contending that the district court clearly erred in awarding him a two-level adjustment for obstruction of justice, USSG § 3C1.1, and that it failed to articulate sufficient reasons for the upward departure. We affirm.

Wilson and his wife, Sarah Manning, ran a business together at their primary residence, both before and after their divorce, until her death in 2007. Thereafter, Wilson became involved in a legal dispute with his wife's family over her estate. On October 21, 2008, the Howard County, Maryland circuit court issued a ruling that was adverse to Wilson's attempt to assert a claim on the estate through the business. On October 31, 2008, Wilson set fire to the house, resulting in its complete destruction. Following the fire, in a tape-recorded interview with an insurance investigator, Wilson said he knew that the Bureau of Alcohol, Tobacco, and Firearms (ATF) was investigating the fire and that he believed his wife's family members were saying he had caused it. Wilson strewed glass and screws on the driveway of Priscilla Manning Ford, his

2

wife's sister, the executor of the estate. He also called Mary Lou Manning, his wife's mother, threatening to kill her and her grandchildren, and called John Manning, Jr., his wife's brother, and threatened to kill him.

In the presentence report, the probation officer recommended a Guidelines range of 63-78 months, but suggested that an upward departure under § 4A1.3 might be appropriate in light of Wilson's ten prior convictions for arson, none of which were counted in his criminal history because they were outside the applicable time period. Wilson also had an outdated prior conviction for assault resulting from an incident where he held his mother hostage with a shotgun. The government requested a departure to the Guidelines range that would apply if Wilson were a career offender, i.e., had two prior felony convictions for a crime of violence that were countable in his criminal history.

At sentencing, an ATF agent testified about the fire investigation, as well as evidence uncovered during the investigation that Wilson had responded to his first wife's leaving him by trying to burn their house down after locking her in the bathroom and that Wilson had been paid to burn several structures in 1988. The district court agreed that a departure was appropriate and that a lesser departure than the one requested by the government would be insufficient. The

3

departure produced a Guidelines range of 210-240 months.   The court imposed the statutory maximum term of 240 months.

A sentence is reviewed for reasonableness under an abuse-of-discretion standard.   Gall v. United States, 552 U.S. 38, 51 (2007).   This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence.   Id.   After determining whether the district court properly calculated the defendant's advisory Guidelines range, the appeals court next assesses whether the district court considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.   Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same).   Finally, this court reviews the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Hargrove, 625 F.3d 170, 183 (4th Cir. 2010) (internal quotation marks omitted), cert. denied, __ S. Ct. __, 2011 WL 4536007 (U.S. Oct. 3, 2011) (No. 11-5287).

Wilson first argues that no evidence supported the district court's conclusion that he intended to obstruct the fire or grand jury investigation when he made post-fire threats

4

to the Mannings. A district court's determination that a defendant obstructed justice is reviewed for clear error. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). Guideline § 3C1.1 provides that –

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . . increase the offense level by 2 levels.

Wilson maintains that his conduct toward the Mannings after the fire related solely to the ongoing dispute over his former wife's estate, which pre-dated the fire, and that the government lacked evidence directly connecting Wilson's post-fire conduct to the investigation. However, the district court did not ignore this fact. The court noted that Wilson had engaged in conduct which expressed his hatred for the Manning family before the fire and after the fire, and the court considered whether the post-fire threats and intimidating conduct related to the fire investigation. The court ultimately found, based on Wilson's statement to the insurance investigator, that Wilson was aware of the fire investigation and the Mannings' participation in it, and that Wilson's post-fire threats to them were motivated in part by this new circumstance. Application Note 4(a) to § 3C1.1 states that the

5

adjustment applies to "threatening, intimidating, or otherwise unlawfully influencing a . . . witness . . . directly or indirectly, or attempting to do so[.]"  We conclude that the court did not clearly err in finding that the adjustment applied in Wilson's case.

Next, Wilson argues that his sentence is unreasonable because the district court "failed to articulate a sufficient justification" for the departure.  A district court commits procedural error in sentencing when it fails "to adequately explain the chosen sentence."  Gall, 552 U.S. at 51.  However, in this case the reasons for the departure and the extent of the departure were straightforward.  "[W]here underlying past criminal conduct demonstrates that the defendant would be sentenced as a career offender but for the fact that one or both of the prior predicate convictions was not counted, the sentencing court may depart directly to the career offender guideline range."  United States v. Myers, 589 F.3d 117, 125 (4th Cir. 2009) (quoting United States v. Cash, 983 F.2d 558, 562 (4th Cir. 1992) (internal quotation marks omitted)), cert. denied, 130 S. Ct. 3306 (2010).

The district court considered and rejected a lesser departure, and explained that Wilson had not rehabilitated himself in the time that had passed since his ten arson convictions in 1981, that he had continued to set destructive

6

fires, that he continued to pose an immediate threat to the community, and that his conduct was not excused by mental illness or substance abuse.

In evaluating the district court's explanation of the sentence imposed, the district court must consider the 18 U.S.C. § 3553(a) (2006) factors and explain the sentence, although it need not explicitly refer to § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must make an individualized assessment based on the facts presented" and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328 (citation, internal quotation marks, and emphasis omitted). The district court complied with these requirements, and the resulting sentence was neither procedurally nor substantively unreasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED