**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-7813**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SCOTT D. WILSON,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:09-cr-00036-RDB-1)

———————

Submitted: April 30, 2013              Decided:  May 22, 2013

———————

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Scott D. Wilson, Appellant Pro Se.  Harry Mason Gruber,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott D. Wilson pled guilty to arson, in violation of 18 U.S.C. § 844(i) (2006), and the district court ordered him to pay $147,247.46 in restitution. We affirmed his sentence on direct appeal. United States v. Wilson, 452 F. App'x 418 (4th Cir. 2011). When Wilson paid only $175 toward his restitution obligation, the Government moved to apply to the restitution order proceeds from the sale of melted gold and other precious metals seized by the Bureau of Alcohol, Tobacco, Firearms, and Explosives during the arson investigation. The district court granted the Government's motion and denied Wilson's motion for reconsideration. Wilson appeals the district court's orders. We affirm. See Crosby v. City of Gastonia, 635 F.3d 634, 643 n.10 (4th Cir. 2011) (stating that appellate court may "affirm the district court on any ground that would support the judgment in favor of the party prevailing below").

Wilson claims on appeal that the district court erred by failing to return the gold to him pursuant to Fed. R. Crim. P. 41(g). Because the gold was neither contraband nor subject to forfeiture, the Government had a legitimate interest in retaining the property and applying the proceeds of the sale to the outstanding restitution obligation. See United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005). Although Wilson requested a hearing in his motion for reconsideration, he was

2

not entitled to a hearing at that stage of the proceedings because the district court had not yet issued a notice of writ of execution. See 28 U.S.C. § 3203 (2006); see also 28 U.S.C. § 3202(d) (2006) (limiting issues at hearing, as pertinent here, to determining validity of exemption and Government's compliance with statutory requirements). Contrary to Wilson's assertion that the district court altered the restitution order, the district court's order did not alter the amount or the payment schedule of the restitution portion of the criminal judgment. See 18 U.S.C. § 3664(k) (2006).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED